UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

PENDOLA FAMILY TRUST
PARTNERSHIP, a California
General Partnership,

NO. 2:09-cv-02544 FCD KJM

          Plaintiff,

     v.                          MEMORANDUM AND ORDER

PAN PACIFIC (PINE CREEK) L.P.,
A Limited Partnership Under
the Laws of the State of
Delaware, PK II HOLDCO, LLC, A
Delaware Limited Liability
Company, PAN PACIFIC RETAIL
PROPERTIES, INC., a Maryland
Corporation, KIMCO REALTY
CORPORATION, a Corporation,
and DOES 1 THROUGH 50,

          Defendants.
_____/

----oo0oo----

     This matter comes before the court on plaintiff Pendola

Family Trust Partnership's ("Pendola" or "plaintiff") motion for

remand to state court.  Defendants Pan Pacific (Pine Creek),

L.P., ("Pine Creek"), PK II Holdco, LLC ("PK"), and Kimco Realty

1

1 Corporation ("Kimco") (collectively, "defendants") oppose the

2 motion.  For the reasons set for below,[1] plaintiff's motion for

3 remand is GRANTED.

**BACKGROUND[2]**

5       Plaintiff Pendola is a General Partnership formed and

6 operating under the laws of the State of California.  (Compl.,

7 attached to Notice of Removal, filed Sept. 11, 2009, ¶ 1.)  On

8 November 17, 1999, defendant Pine Creek was formed as a limited

9 partnership under the laws of the State of Delaware.  (Id. ¶ 10.)

10 The general partner was Western Properties Trust, a California

11 Business Trust, and Pendola was the sole limited partner.  (Id.)

12 In 2001, Western Properties Trust merged with defendant Pan

13 Pacific Retail Properties, Inc. ("Pan Pacific").  (Id. ¶ 11.)  In

14 2006, KRC Acquisition, Inc., a wholly owned subsidiary of

15 defendant Kimco, merged with defendant Pan Pacific.  (Id. ¶ 12.)

16 Pendola notified Kimco that it intended to continue as a limited

17 partner in Pine Creek.  (Id. ¶ 14.)  Kimco declined, representing

18 that it intended to refinance various properties held by Pine

19 Creek to finance the merger.  (Id.)

20       Subsequently, however, On December 13, 2006, Pendola and

21 defendant Kimco entered into a Third Amended Agreement of Limited

22 Partnership of Pine Creek.  (Id. ¶ 15.)  The agreement, inter

23 alia, changed the name of the limited partnership, changed the

24 general partner, and modified Pendola's previously held

25 _____

26       [1]      Because oral argument will not be of material
assistance, the court orders this matter submitted on the briefs.
27 E.D. Cal. Local Rule 78-230(h).

28       [2]      The facts are taken from the allegations in plaintiff's
complaint.

1 conversion rights.  (Id.)  The conversion right could only be

2 exercised for the entire limited partnership interest, and the

3 redemption price was set at $70 per unit.  (Id.)  Further,

4 through the conversion right, Pendola could require Pine Creek to

5 acquire identified property through a conversion LLC formed

6 exclusively to acquire such property in exchange for and

7 redemption of its limited partnership interests.  (Id.)  In

8 consideration of its modified conversion rights, Pendola agreed

9 to indemnify the limited partnership and the general partner from

10 any liabilities, obligations, claims, damages, or other potential

11 losses arising from the exercise of those rights.  (Id.)  The

12 Third Amended Agreement also gave the limited partnership the

13 opportunity to redeem Pendola's interest if plaintiff failed to

14 exercise its conversion rights on or before April 30, 2007.

15 (Id.)

16    In reliance on these modifications, on December 19, 2006,

17 Pendola entered into a purchase agreement to acquire conversion

18 property and notified defendants of the exercise of its

19 conversion rights.  (Id. ¶ 16.)  On January 11, 2007, defendants

20 disclosed to Pendola for the first time that, prior to entering

21 into the Third Amended Agreement, they had entered into loan

22 agreements with lenders that prevented and precluded defendants

23 from acquiring and placing required debt on conversion property.

24 (Id.)  Plaintiff alleges this was contrary to the intent and

25 language of the Third Amended Agreement.  (Id.)  As a result of

26 these disclosures, defendants could not implement Pendola's

27 conversion rights.  (Id.)

28 /////

1    On March 3, 2008, Pendola informed defendants that it

2 intended to surrender its limited partnership units at the agreed

3 upon price of $70 per unit.  In May 2008, defendants notified

4 plaintiff that it did not intend to comply with the Third Amended

5 Agreement.  (Id. ¶ 19.)

6    Plaintiff initially filed this action on August 3, 2009 in

7 the Superior Court of California, County of Nevada, alleging

8 breach of contract, fraud – intentional misrepresentation,

9 promissory fraud – promise without intent to perform, promissory

10 fraud – hidden intention not to comply with the implied covenant

11 of good faith and fair dealing, and constructive fraud – breach

12 of fiduciary duty.

13                          **STANDARD**

14    "[A]ny civil action brought in State court of which the

15 district courts of the United States have original jurisdiction,

16 may be removed by the defendant or the defendants, to the

17 district court" in which the action is pending.  28 U.S.C. §

18 1441(a). Federal district courts "have original jurisdiction of

19 all civil actions where the matter in controversy exceeds the sum

20 or value of $75,000" and is between citizens of different states.

21 28 U.S.C. § 1332(a)  Furthermore, 28 U.S.C. § 1441 is construed

22 strictly against removal jurisdiction.  Fardella v. Downey

23 Savings & Loan Ass'n, No. 00-4393, 2001 WL 492442, at *1 (N.D.

24 Cal. May 9, 2001) (citing Prize Frize, Inc. v. Matrix, Inc., 167

25 F.3d 1261, 1265 (9th Cir. 1999)).

26    "If the plaintiff fails to state a cause of action against a

27 resident defendant, and the failure is obvious according to the

28 settled rules of the state, the joinder of the resident defendant

                                 4

1 is fraudulent and the defendant's presence in the lawsuit is

2 ignored for purposes of determining diversity." United Computer

3 Sys., Inc. v. AT&T Corp., 298 F.3d 756, 761 (9th Cir. 2002)

4 (internal quotations and citations omitted); McCabe v. Gen. Foods

5 Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).  There is a general

6 presumption against fraudulent joinder.  Hamilton Materials, Inc.

7 v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).

8      The party invoking removal bears the burden of establishing

9 federal jurisdiction.  See Harris v. Provident Life and Acc. Ins.

10 Co., 26 F.3d 930, 932 (9th Cir. 1994) (quoting Gould v. Mutual

11 Life Ins. Co., 790 F.2d 769, 771 (9th Cir. 1986)).  "Fraudulent

12 joinder must be proven by clear and convincing evidence."

13 Hamilton Materials, Inc., 494 F.3d at 1206.

**ANALYSIS**

14

15 **A.   Motion to Remand**

16      Defendants removed this action to federal court on September

17 11, 2009, on the basis of diversity jurisdiction due to the

18 alleged fraudulent joinder of defendant Pine Creek.  The parties

19 agree that the amount in controversy exceeds $3,800,000 and that

20 Pendola and Pine Creek are both citizens of California.  As such,

21 the sole question is whether Pine Creek is a proper or

22 fraudulently joined defendant.  Defendants contend that Pendola

23 seeks to enforce purely individual rights through this action,

24 and thus, Pine Creek is not a proper defendant.  Plaintiff

25 maintains that its action is both to enforce its personal rights

26 and a derivative claim on behalf of the partnership.

27 Accordingly, plaintiff contends that Pine Creek is a proper

28 defendant.

1      "In diversity actions, the characterization of an action as

2   derivative or direct is a question of state law.  Sax v. World

3   Wide Press, Inc., 809 F.2d 610, 613 (9th Cir. 1987).  "The

4   purpose of a limited partner's derivative action is to enforce a

5   claim which the limited partnership possesses against others,

6   [including the general partners], but which the partnership

7   refuses to enforce."  Wallner v. Parry Prof'l Bldg., Ltd., 22

8   Cal. App. 4th 1446, 1449 (4th Dist. 1994).  "[A] limited

9   partner's derivative suit is filed in the name of a limited

10  partner, and the partnership is named as a defendant.  Although a

11  limited partner is named as the plaintiff, it is the limited

12  partnership which derives the benefits of the action."  Id.

13  Generally, an action enforces a partnership's right if the

14  gravamen of the complaint is injury to the partnership.  See Sax,

15  809 F.2d at 613.

16      However, where a plaintiff does not seek to recovery on

17  behalf of the entity sued, such action is more appropriately

18  considered an individual, non-derivative action.  Jones v. H.F.

19  Ahmanson & Co., 1 Cal. 3d 93, 106-08 (1969).  In Jones, a

20  minority shareholder brought a claim for breach of fiduciary

21  duties against the majority stockholders in a savings and loan

22  association.  The majority shareholders allegedly took advantage

23  of a bull market by creating a holding company, transferring

24  their block shares to the holding company, and excluding the

25  minority shareholders from participation in the company.  These

26  actions rendered the association stock unmarketable, except to

27  the holding company.  Id. at 105.  The California Supreme Court

28  held that the claim was not a derivative action, and thus could

1  be brought on behalf of a class of stockholders and without

2  complying with relevant state statutes, because the diminished

3  value of the stock reflected an injury to plaintiff, not to the

4  company.  Id.

5      In this case, defendants have failed to establish by clear

6  and convincing evidence that plaintiff's complaint does not

7  sufficiently allege a claim based upon injury both to the

8  partnership and itself.  Specifically, plaintiff alleges that

9  defendant Pine Creek has been injured by the failure of

10 defendants to implement the Third Amended Agreement because the

11 limited partnership units would be paid out at only $70 per unit.

12 Plaintiff contends that by implementing §§ 8.4 and 8.5 of the

13 Third Amended Agreement, Pine Creek benefits by the opportunity

14 to redeem Pendola's entire interest.  Further, plaintiff alleges

15 that it agreed to indemnify defendant Pine Creek from any

16 liabilities, obligations, claims, damages, or other potential

17 losses arising from the exercise of conversion rights.  As such,

18 plaintiff contends that its claims are based on the enforcement

19 of a mutually beneficial agreement for both Pendola and Pine

20 Creek, and that both it and the partnership was injured by the

21 failure to implement the agreement.

22     Defendants have failed to present any evidence or legal

23 argument that enforcement of the Third Amended Agreement would

24 not benefit the partnership.[3]  Thus, they have failed to meet

25 _____

26     [3]    In their opposition, defendants vaguely reference that
       the conversion period had expired.  However, they neither explain
27 nor elaborate upon why or how such expiration affects the
       derivative nature of plaintiff's claims.  Further, plaintiff
28 alleges that the Third Amended Agreement provided that if it

                                   7

1  their burden in demonstrating that the failure to state a claim

2  against Pine Creek is "obvious." United Computer Sys., Inc., 298

3  F.3d at 761.  Therefore, plaintiff's motion to remand is GRANTED.

4  **B.    Attorneys' Fees**

5      Plaintiff argues that because defendant's removal was

6  unreasonable, attorneys' fees and costs should be awarded to

7  plaintiff.  Defendant argues that it had an objectively

8  reasonable basis for seeking removal; therefore, plaintiff should

9  not be awarded attorneys' fees and costs.

10     On granting a motion for remand, the court may order the

11 defendant to pay plaintiff "its just costs and any actual

12 expenses, including attorneys' fees, incurred as a result of the

13 removal."  28 U.S.C. § 1447(c); see Martin v. Franklin Capital

14 Corp., 546 U.S. 132, 136 (2005).  In deciding whether an award is

15 just, the test is whether the removing party had an "objectively

16 reasonable basis for removal."  Martin, 546 U.S. at 136.  "Absent

17 unusual circumstances, fees should not be awarded when the

18 removing party has an objectively reasonable basis for removal."

19 Gardner v. UICI, 508 F.3d 559, 561 (9th Cir. 2007).

20     In the present case, defendants had an objectively

21 reasonable basis for removal.  Although defendants did not show

22 plaintiff's failure to state a derivative cause of action was

23 *obvious* based on the allegations in plaintiff's complaint,

24 defendant did provide a reasonable argument for removal.  Thus,

25 plaintiff' motion for attorneys' fees is DENIED.

26

27 failed to exercise its conversion rights before April 30, 3007,
   Pine Creek had the opportunity to redeem its interest before
28 October 31, 2007.  (Compl. ¶ 15.)

1          **CONCLUSION**

2          For the foregoing reasons, plaintiff's motion to remand this

3    action to the Superior Court of California for the County of

4    Nevada is GRANTED.   Plaintiff's motion for an award of attorneys'

5    fees and costs is DENIED.

6          IT IS SO ORDERED.

7    DATED:   December 8, 2009

8                                     _____
                                     FRANK C. DAMRELL, JR.
9                                     UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28